[No. 4626.   Decided April 1, 1903.]

ISAAC A. DOSSETT, *Respondent,* v. ST. PAUL AND TACOMA LUMBER COMPANY, *Appellant.*

APPEAL — DEFECTIVE BOND — NECESSITY FOR SUBSTITUTION OF NEW BOND.

The use of the term "plaintiff" instead of "defendant" in an appeal bond reciting as a condition that if defendant will pay to plaintiff all costs and damages that may be awarded against said "plaintiff" on the appeal or the dismissal thereof, the appeal having been taken by defendant, is so manifestly a clerical error

as not to affect the substance of the bond nor create a necessity for the substitution of a new bond in correction thereof.

Appeal from Superior Court, Pierce County.—Hon. WILLIAM O. CHAPMAN, Judge. Motion to substitute appeal bond denied.

*Reynolds & Griggs* and *Stiles & Doolittle*, for appellant.

*Ellis & Fletcher*, for respondent.

PER CURIAM.—Appellant moves this court for leave to correct its appeal bond filed with the clerk of the superior court by the substitution of a new bond with the same sureties and in the same words as the original bond, with the exception that the word "defendant" is used in the condition of the new bond proposed instead of the word "plaintiff," as used in the original. The original bond is in words and figures as follows:

"Know all men by these presents, that the St. Paul & Tacoma Lumber Company, a corporation, the defendant in the above entitled action, as principal, and Geo. Browne and Jno. S. Baker, as sureties, are held and firmly bound unto Isaac A. Dossett, the plaintiff in the above entitled action, in the penal sum of two hundred ($200) dollars, lawful money of the United States, for the payment of which well and truly to be made, we bind ourselves, our and each of our heirs, executors, administrators and successors, firmly, jointly and severally by these presents.

Sealed with our seals and dated this 9th day of December, 1902.

The condition of this obligation is such that whereas a certain judgment was entered in the above entitled action by the above named court on Nov. 22, 1902; and

Whereas, said defendant, the St. Paul & Tacoma Lumber Company, a corporation, has appealed from the said judgment to the supreme court of the State of Washington;

Now, therefore, if the said defendant, the St. Paul & Tacoma Lumber Company, a corporation, will pay to the said plaintiff, Isaac A. Dossett, all costs and damages that may be awarded against said plaintiff on said appeal or on the dismissal thereof, not exceeding $200, then this obligation shall be null and void; otherwise to remain in full force and effect."

The bond is signed in proper form by both principal and sureties, and the sureties have duly qualified by the usual affidavit. It will be observed that the words used are in all respects regular and the meaning of the bond is clear and beyond dispute, unless the last paragraph thereof is involved so as to render its meaning doubtful. The essential words urged as being involved are as follows: "Now, therefore, if the said defendant . . . will pay to the said plaintiff . . . all costs and damages that may be awarded against said plaintiff on said appeal or on the dismissal thereof. . . ." The context shows clearly that the word "plaintiff" as last used was intended to refer to the defendant. No costs would be awarded against the plaintiff in the event of the dismissal of the appeal, since he has not appealed. The costs would necessarily be awarded against the defendant who is the appellant. The body of the bond shows that the defendant and the sureties undertook to pay the plaintiff the sum of $200, for the reason that the defendant has appealed to this court, and it is manifest that the undertaking is for the benefit of the plaintiff and to secure him in the payment of costs to which he may become entitled on the appeal or on its dismissal. Any other construction would lead to the somewhat absurd conclusion that the defendant has undertaken to pay the plaintiff the very costs which the defendant itself may recover against him on appeal. The misuse of the one word is so manifestly

a mere clerical error that it does not go to the substance
of the bond and is not a substantial variation of its proper
form.   Under the liberal provision of § 5492, Bal. Code,
applying to bonds in general, we see no necessity for the
·substitution of the proposed new bond, and the motion is
·therefore denied.